UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EULERIC EVANS, by his Assignee,
CRAIG L. COLES

                              Plaintiff,

v.                                         Action No. 3:14-CV-659

GEICO GENERAL INSURANCE COMPANY,
*et al.*,

                              Defendants.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion for Leave to Amend Notice of Removal ("Motion to Amend") (ECF No. 16) filed by Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, and GEICO Choice Insurance Company (collectively "GEICO") and Eric Rappaport, Tony Parkes, and Jesse Jones (collectively "the individual defendants"). Plaintiff Euleric Evans ("Evans"), by his assignee, Craig L. Coles ("Coles'") opposes the Motion to Amend. For the following reasons, the Motion for Leave to Amend will be GRANTED. ECF No. 16.

### I.    **Factual and Procedural Background**

This action arises out of a motor vehicle accident on April 9, 2010, involving both Coles and Evans. As a result of the collision, Coles sustained serious bodily injury.

Evans purchased an automobile liability insurance policy from GEICO. *See* ECF No. 1 Ex. 1 Complaint ("Compl.") ¶1; *see also id.* Ex. L ("Assignment"). First, on October 8, 2010, Coles filed suit against Evans in the Circuit Court of Henrico County seeking compensation for the injuries he sustained in the crash. *See* Compl. ¶ 14. Prior to trial, Coles attempted to settle his claims against Evans through negotiations with several GEICO adjusters—*i.e.*, the individual defendants— who have been individually named in the instant lawsuit. Compl. ¶¶ 15-16. 20, 22-

1

31. On March 20, 2012, the case was tried on damages and the jury returned a verdict of $275,000.00. Compl. ¶ 32. On October 7, 2013, Evans assigned and transferred his rights, claims, and causes of actions against "GEICO General Insurance Company," Compl. Ex. L. ("Assignment"), "to the [p]laintiff in the instant action, Craig L. Coles," Compl. ¶ 33.

Then, on August 25, 2014, Coles filed this case in the Circuit Court for the City of Richmond, Virginia, against GEICO and the individual defendants seeking to collect on an insurance policy they issued to Evans. Memorandum in Support of Defendants' Motion for Leave to Amend Notice of Removal ("Defs.' Mem. Supp. Mot. to Amend") at 2. The Complaint, essentially arising out of the $275,000 jury verdict, alleges the following: Breach of Contract ("Count I"); Breach of the Implied Covenant of Good Faith and Fair Dealing ("Count II"); Unfair Claim Settlement Practice Under Va. Code Ann. § 38.2-510 ("Count III"); and Bad Faith Failure to Pay a Motor Vehicle Insurance Claim of More Than $3,500.00 Under Va. Code Ann. § 8.01-66.1(D)(1) ("Count IV"). GEICO and the individual defendants were served with the Complaint on September 2, 2014 and September 3, 2014, respectively. *Id.*

On September 25, 2014, GEICO and the individual defendants filed a Notice of Removal, with the initial Complaint and other exhibits attached, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1 ("Notice of Removal").

On October 10, 2014, Coles moved to remand this case. ECF No. 4. On October 17, 2014, GEICO and the individual defendants, together, filed a memorandum in opposition, ECF No. 9, to Plaintiff's Motion to Remand. Coles filed a Reply on October 22, 2014. ECF No. 14.

On October 24, 2014, GEICO and the individual defendants, together, filed the instant Motion to Amend. ECF No. 16. On November 4, 2014, Coles opposed the Motion to Amend. ECF No. 22. Finally, GEICO and the individual defendants replied on November 7, 2014. ECF No. 23.

II. **Legal Standard**

"Federal courts are courts of limited jurisdiction . . . [and] possess only that power

authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, where the amount in controversy exceeds $75,000.00, and the matter is between citizens of different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under § 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citations omitted). A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. §§ 1441(a), (b). The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed, and "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d. at 151. If at any time before final judgment it appears the district court lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). "[R]emoval jurisdiction raises significant federalism concerns." *Mulcahey*, 29 F.3d at 151. "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (citation omitted).

To remove to federal court, the defendant must file "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1446(a). Additionally, "when diversity of citizenship is a basis of removal jurisdiction, it must exist both

3

at the time the original action is filed in the state court and at the time the removal is sought." *Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985) (quoting 14A Charles Alan Wright et al., *Federal Practice and Procedure, Jurisdiction* 2d § 3723 (1985)) (internal quotation marks omitted).

Further, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). Accordingly, properly alleging the citizenship of a corporation for purposes of removal requires alleging four temporally and geographically distinct facts: the corporation's (1) state of incorporation and (2) principal place of business at the time the complaint is filed and the corporation's (3) state of incorporation and (4) principal place of business at the time the notice of removal is filed.

Even though "there is no statutory definition of an individual's state of citizenship, courts have held that it is the state of the individual's domicile, *i.e.* the state he considers his permanent home." *Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1914); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)). In the State of Virginia, "[d]omicile is residence or physical presence accompanied by an intention to remain for an unlimited time." *Smith v. Wellberg* (*In re Wellberg*), 12 B.R. 48 (Bankr. E.D. Va. 1981) (citing *Smith v. Smith*, 122 Va. 341 (1918); *Layton v. Pribble*, 200 Va. 405, 105 S.E.2d 864 (1958)). Domicile is distinguished from residence, in that an individual may have more than one residence but only one domicile. *Comm'r of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950) (citing *In re Newcomb's Estate*, 192 N.Y. 238, 84 N.E. 950, 954 (1908)). Thus, the concept of "citizenship" is the same, except in name, as "domicile." Further, the Fourth Circuit has recognized that a removal petition containing an allegation regarding citizenship made upon information and belief is "sufficient as a matter of law to allege subject matter jurisdiction." *SunTrust Bank v. Vill. at Fair Oaks Owner, LLC*, 766 F. Supp. 2d 686, 693 (E.D. Va. 2011) (*quoting Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F. 3d 192 (4th Cir. 2008)).

Accordingly, properly alleging the citizenship of an individual for purposes of removal requires specifying his domicile (1) at the time of filing the complaint and (2) at the time removal is sought.

### III. ANALYSIS

Coles argues that GEICO and the individual defendants insufficiently alleged the citizenship of all of the parties in the Notice of Removal because the removal notice omits allegations establishing the double designation requirement. Therefore, says Coles, that defect as to all parties involved is fatal, and necessitates remand of the case to the state court. Furthermore, Coles raises an issue concerning whether GEICO and the individual defendants may amend its removal notice, as the 30-day removal period has expired. *See* 28 U.S.C. §1446(b). Therefore, Coles' contention raises two questions: first, whether GEICOs' and the individual defendants' Notice of Removal sufficiently alleged the basis or ground for removal, and second, assuming the Notice of Removal is deficient, whether GEICO and the individual defendants are permitted to amend their Notice of Removal despite the passage of the 30-day removal period.

Assuming GEICO and the individual defendants' Notice of Removal is inadequate, the question presented would then be whether they imperfectly proffered allegations supporting the claim of diversity jurisdiction as the basis or ground for removal, or whether they, by amending the notice, would be attempting to allege a new jurisdictional basis or ground for removal that was absent from the original removal notice. As this Court has previously said,

> [t]he line between allegations of a jurisdictional ground or basis for removal which are 'missing' from a notice of removal as opposed to allegations that are merely 'imperfectly stated' is not always entirely distinct. Federal courts, including courts in this district, have interpreted this principle as allowing defendants to amend their removal notices only when they are elaborating on an existing basis or ground for subject matter jurisdiction, but not where a defendant seeks to introduce a new ground or basis for subject matter jurisdiction

*Arlington*, 2014 WL 5529668, at *7 (citing *Wood*, 764 F.3d at 323 ("Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional *basis.*") (emphasis added); *USX Corp. v. Adriatic Ins. Co.*, 345 F.2d 190, 205 (3d Cir. 2003) (amendment was proper because defendant "did not rely on a basis of jurisdiction different from that originally alleged" and did not seek to create an "entirely new basis for jurisdiction"); *Whitmore v. Victus, Ltd.*, 212 F.3d 885, 890 (5th Cir. 2000) ("[A]llowing a party to amend its pleadings to inform the court of an existing basis for subject matter jurisdiction" was proper)). In *Tincher v. Ins. Co. of State of Pa.*, 268 F.Supp.2d 666 (E.D. Va. 2003), the court found that the defendant could not allege fraudulent joinder as a basis for subject matter jurisdiction both because this allegation was not present in the defendant's notice of removal and was "substantial and material." *Id.* at 667–68. Likewise, in *Iceland Seafood,* the court did not permit the defendant to amend its notice of removal to allege jurisdiction based on 12 U.S.C. § 3012(6), instead of diversity jurisdiction, which was the only basis for subject matter jurisdiction in the defendant's notice of removal. *Iceland Seafood*, 285 F.Supp.2d at 727. In contrast, in *Muhlenbeck v. KI, LLC*, 304 F.Supp.2d 797 (E.D.Va.2004), the court properly allowed the defendant to amend its notice of removal when the defendant alleged diversity jurisdiction but did not allege specifically the citizenship of plaintiff, an LLC, because the defendant did not "omit [ ] completely" a ground for removal, and thus, was not seeking a new basis for subject matter jurisdiction. *Id.* at 800–01. In sum, amendments to a removal notice are permissible past the 30–day limit where they elaborate on an existing basis or ground for subject matter jurisdiction already stated; by contrast, amendments to a removal notice are impermissible where they seek to inject a new basis or ground for subject matter jurisdiction.

A. *Whether the Original Notice of Removal Passes Muster Under § 1446(a), and, If Not, Whether this Court Can Grant An Amendment.*

The first question this Court must address is whether GEICO sufficiently alleges citizenship for purposes of diversity as to (1) Coles; (2) the GEICO; and (3) the individual defendants.

      i. <u>Coles</u>

          1. Notice of Removal Plus Complaint

Looking to the Notice of Removal as well as to the Complaint, there can be no doubt that the Notice of Removal is adequate. As to Coles, the state court Complaint alleges:

> Plaintiff, Craig L. Coles, ("Plaintiff"), was at all material times, a resident of the County of Henrico, Virginia.
>
> Defendant, GEICO, is a corporation doing business in Virginia and organized and existing under and by virtue of the law of Maryland, maintaining its principal place of business in Chevy Chase, Maryland

Compl. ¶¶ 3-4. First, the allegation concerning Coles does not specifically allege citizenship but instead merely residency. However, the Notice of Removal provides,

> Upon information and belief, Plaintiff is a resident and domicile of the Commonwealth of Virginia.
>
> Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company are Maryland corporations with their principal places of business in Chevy Chase, Maryland, and, thus, are citizens of Maryland for purposes of determining diversity.
>
> GEICO Advantage Insurance Company and GEICO Choice Insurance Company are Nebraska corporations with their principal places of business in Chevy Chase, Maryland, and, thus, are citizens of Nebraska and Maryland for purposes of determining diversity.
>
> Defendants Rappaport and Parkes are citizens of the Commonwealth of Virginia. Defendant Jones is a citizen of the State of Texas. The presence of Rappaport and Parkes in this action does not destroy diversity because they are nominal parties and/ or were fraudulently joined parties.

ECF No. 1 ("Notice of Removal") ¶ 5-9. The cases cited by Coles, himself, undermine his position, and establish that the Court should look to the state Complaint for any "missing" jurisdictional allegations. One of the principal cases on which Coles relies for his argument that

7

a defendant is required to meet the double designation requirement is *Hubbard.* Coles has overlooked the fact that, in deciding to remand the case for failure to satisfy the double designation requirement, the court in *Hubbard* noted that "[n]either the complaint filed in State court *nor* the petition filed in this Court specifies the citizenship of either defendant or plaintiff as of the time of the filing of the Complaint." *Hubbard*, 611 F.Supp. at 896 (emphasis added). The court therefore acknowledged that it reviewed both the face of the notice of removal filed in that case *and* the state complaint before finding that the removal was defective. Unlike the facts of *Hubbard*, where the defendant failed to aver the citizenship of either party as of the time the suit was filed in State court, the facts in the instant case are akin to those presented in *Herod v. Fisher & Son Co., Inc.*, 3:12CV712, 2012 WL 5729106 (E.D. Va. Nov. 15, 2012). In *Herod,* the Court held that, taken in combination, the state Complaint and the Notice of Removal satisfied the double designation requirement. *Id.* at 4. In that case, the defendant pleaded the following grounds for removal:

> 4. Fisher & Son is a corporation incorporated in Pennsylvania, having its principal place of business in Pennsylvania. For purposes of diversity jurisdiction, Fisher & Son is therefore considered a citizen of Pennsylvania. Fisher & Son is not a citizen of Virginia.
>
> 5. According to his allegations, Plaintiff is a citizen of Virginia. (Compl.¶ 1.) Thus, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332.

*Herod v. Fisher & Son Co.*, No. 3:12CV712, 2012 WL 5729106, at *1 (E.D. Va. Nov. 15, 2012). The original Complaint in *Herod* contained the following allegations concerning the citizenship of the parties:

> 1. Herod is a Virginia resident residing in the County of Henrico, Virginia.
>
> 2. Upon information and belief, Fisher is a corporation operating under the laws of the Commonwealth of Pennsylvania. At all times relevant to this suit, Fisher is and was registered to transact business within the Commonwealth of Virginia.

*Id.* Coles is correct that there is abundant case law holding that citizenship cannot be inferred from allegations of residence alone. *See, e.g., Axel Johnson, Inc. v. Carroll Carolina Oil Co. Inc.*, 145 F.3d 660 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction

8

depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." ); *Comm. of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950) ("When these words, 'domicile' and 'residence' are technically used by persons skilled in legal semantics, their meanings are quite different."). Yet, here, there are not simply allegations of residency alone. These facts are similar to those presented in *Herod*. Like the court in *Herod* reasoned, the facts here are different from those presented in *Hubbard*. Accordingly, the Notice of Removal is adequate as to Coles, there has been no imperfect proffer, and thus requires no amendment.

*Arguendo*, even if the Notice of Removal is inadequate, there is no doubt that GEICO and the individual defendants may amend its Notice of Removal as to Coles because they do not seek to add a new basis or ground for subject matter jurisdiction, but simply seek to elucidate, with further facts, an already stated removal basis or ground. *See e.g.*, *Nutter v. New Rents, Inc.*, 945 F.2d 398, at *2 (4th Cir. 1991) (noting that ultimately "jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon the . . . choice of verbiage."); *Muhlenbeck*, 304 F. Suppl. 2d at 797 (permitting the addition of allegations of LLC member's citizenship in the place of a corporate citizenship designation, but still indicating that amendment adding allegations that were "missing entirely" or that "material[ly] and substantia[ly]" changed the notice of removal would be denied.)

    ii.  <u>GEICO</u>

      1. Notice of Removal Plus Complaint

Coles argues that GEICO insufficiently alleged its citizenship in the Notice of Removal because it omits its corporate citizenship at the time the Complaint was filed. The Notice of Removal states the following with regard to GEICO's citizenship:

> 7. Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company are Maryland corporations with their principal places of business in Chevy Chase, Maryland, and, thus, are citizens of Maryland for purposes of determining diversity.

9

> 8. GEICO Advantage Insurance Company and GEICO Choice Insurance Company are Nebraska corporations with their principal places of business in Chevy Chase, Maryland, and, thus, are citizens of Nebraska and Maryland for purposes of determining diversity.

ECF No. 1 ("Notice of Removal") ¶¶ 7-8.[1] Here, Coles' argument is persuasive that the Notice of Removal, alone, is insufficient to allege corporate citizenship at the time the Complaint was filed.

However, as to those entities in paragraph 7 of the Notice of Removal, the Complaint supplies the jurisdictional allegations missing from the face of the Notice of Removal. *See* Compl. ¶ 4. Therefore, as to the GEICO entities with their state of incorporation and principal place of business as Chevy Chase, Maryland, the double designation requirement has been satisfied. Accordingly, no amendment is needed and the Notice of Removal is adequate in this respect.

On the other hand, as to those entities in paragraph 8 of the removal notice, the Complaint does not supply the jurisdictional allegation missing from the face of the Notice of Removal—that is, at the very least, *see* Compl. ¶ 4, the state of incorporation (*i.e.*, Nebraska) of the entities in paragraph 8 at the time the Complaint was filed. The insufficiency of these allegations, though, is best seen as an "imperfect statement" of presently undisputed jurisdictional facts rather than an omission. Nevertheless, the allegations are unclear so an amendment is needed. The Court is persuaded to find amendment permissible as to the GEICO entities listed in paragraph 8. Indeed, GEICO and the individual defendants should be allowed to amend the Notice of Removal, as the removal notice states accurately, if perhaps imperfectly, that diversity jurisdiction is the basis or ground for removal. GEICO and the individual defendants merely seek to elucidate the reasons for the existence of diversity jurisdiction. Importantly, they would not be asserting a new basis or ground for subject matter jurisdiction in

---

[1] GEICO and the individual defendants also plead that the amount in controversy exceeds $75,000.00, and Coles concedes that this allegation is sufficient. *See* Memorandum in in Support of Plaintiff's Motion to Remand ("Coles' Mem. Supp. Remand") at 3.

amending the Notice of Removal. Therefore, GEICO and the individual defendants may amend the Notice of Removal.

### iii. The Individual Defendants

#### 1. Notice of Removal Plus Complaint

Coles argues that GEICO and the individual defendants insufficiently alleged the individual defendants' citizenship in the Notice of Removal as the removal notice fails to satisfy the double designation requirement due to omission of their citizenship at the time the state court Complaint was filed. Coles further underscores that the Complaint is silent on this as well.

As to Rappaport and Parkes, they are alleged to be citizens of Virginia and therefore non-diverse as to the Plaintiff. The allegation of fraudulent joinder must be proven to save diversity as a basis for remand. However, this substantive issue is not really relevant to the Motion for Leave to Amend. As to Jones, the Notice of Removal, even considered in combination with the Complaint, is inadequate because there are missing jurisdictional facts concerning the individual his citizenship at the time the original Complaint was filed. However, amendment is permissible because GEICO's and the individual defendants' argument to amend its Notice of Removal in this case simply seeks to explain the reasons for the existence of diversity jurisdiction already stated in the removal notice. As such, this case is similar to *Muhlenbeck*, where the defendant was permitted to amend its notice of removal in alleging the citizenship of a company. The amendment in *Muhlenbeck*, like the amendment allowed here, did not inject a new basis or ground for subject matter jurisdiction. *Muhlenbeck*, 304 F.Supp.2d at 801. Hence, this Court allows amendment to "elucidate, with further facts, an already stated removal basis or ground." *See Arlington*, 2014 WL 5529668, at *6.

### IV. Conclusion

The Court has reviewed and considered all of the pleadings of the parties regarding the Motion for Leave to Amend their Notice of Removal and the Court has determined that oral argument will not aid the decisional process. E.D. Va. Loc. Civ. 7(J).

For all of the above reasons, the Motion for Leave to Amend Notice of Removal is hereby GRANTED, ECF No. 16, and the Clerk is DIRECTED to file the Amended Notice of Removal, which is attached to the instant Motion, ECF No. 17-1.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this __2nd__ day of December 2014.