UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

EULERIC EVANS, by his Assignee,
CRAIG L. COLES

                        Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
*et al.*,

                        Defendants.

Action No. 3:14-CV-659

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Remand ("Motion") filed by Plaintiff Euleric Evans ("Evans"), by his assignee, Craig L. Coles ("Coles"). ECF No. 4. Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, GEICO Advantage Insurance Company, and GEICO Choice Insurance Company (collectively "GEICO"), Eric Rappaport, Tony Parkes (collectively the "Nondiverse Defendants"),[1] and Jesse Jones ("Jones") oppose the Motion. Also before the Court are two Motions to Dismiss—one filed by GEICO, ECF No. 8, and one filed by the Nondiverse Defendants, ECF No. 8. A hearing was held on December 18, 2014 regarding the Motion to Remand.

For the reasons stated from the bench along with those set forth herein, the Court will DENY the Motion to Remand because diversity jurisdiction is present where the Nondiverse Defendants have been fraudulently joined. Accordingly, the Motion to Dismiss filed by the Nondiverse Defendants will be GRANTED. ECF No. 8. Finally, the Court will GRANT IN PART and DENY IN PART the Motion to Dismiss filed by GEICO. ECF No. 8.

---

[1] The parties agree that Defendants Eric Rappaport and Tony Parkes (collectively the "Nondiverse Defendants") are citizens of the Commonwealth of Virginia and that Defendant Jesse Jones ("Jones") is a citizen of the State of Texas. Thus, there is no jurisdictional dispute.

1

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of a motor vehicle accident on April 9, 2010, involving both Coles and Evans. As a result of the collision, Coles sustained serious bodily injury.

Evans purchased an automobile liability insurance policy from GEICO. *See* ECF No. 1 Ex. 1 Complaint ("Compl.") ¶1; *see also id.* Ex. L ("Assignment"). On October 8, 2010, Coles filed suit against Evans in the Circuit Court of Henrico County seeking compensation for the injuries he sustained in the crash. *See* Compl. ¶ 14. Prior to trial, Coles attempted to settle his claims against Evans through negotiations with several GEICO adjusters—*i.e.*, the Nondiverse Defendants and Jones— who have been individually named in the instant lawsuit. Compl. ¶¶ 15-16. 20, 22-31. On March 20, 2012, the case was tried on damages and the jury returned a verdict of $275,000.00. Compl. ¶ 32. On October 7, 2013, Evans assigned and transferred his rights, claims, and causes of actions against "GEICO General Insurance Company," Compl. Ex. L. ("Assignment"), "to the [p]laintiff in the instant action, Craig L. Coles," Compl. ¶ 33.

Then, on August 25, 2014, Coles filed a Complaint in the Circuit Court for the City of Richmond, Virginia, against GEICO, the Nondiverse Defendants, and Jones seeking to collect on an insurance policy GEICO issued to Evans. Memorandum in Opposition to Motion to Remand ("Defs.' Mem. Opp'n Mot. Remand") at 1. The Complaint, essentially arising out of the $275,000.00 jury verdict, alleges multiple claims. In Count I, Coles alleges a breach of contract claim against GEICO. In Count II, Coles alleges a breach of the implied covenant of good faith and fair dealing against GEICO and its adjusters, including the Nondiverse Defendants and Jones. In Count III, Coles alleges unfair claim settlement practices against GEICO, the Nondiverse Defendants, and Jones under Va. Code Ann. § 38.2-510. In Count IV, Coles alleges bad faith failure to pay a motor vehicle insurance claim of more than $3,500.00 under Va. Code Ann. § 8.01-66.1(D)(1) against GEICO. To be clear, in Counts II and III, Coles alleges claims against the Nondiverse Defendants and Jones both in their individual and representative capacities. Coles requests damages in the amount determined by a jury, but no less than

$6,400,000.00. Specifically, pursuant to sections 38.2-209 and 8.01-66.1, he requests (a) $1,200,000.00 in compensatory damages (b) attorneys' fees; (c) costs incurred in connection with this action; (d) prejudgment and post-judgment interest from September 7, 2010 at the maximum rate allowed by law; (e) direct and consequential damages that "include collection damages and forseeable losses for GEICO's breach of the duty of good faith"; and (f) such other relief as is just and proper. *See* Compl. at 15-16. GEICO and the other defendants were served with the Complaint on September 2, 2014 and September 3, 2014, respectively.

On September 25, 2014, GEICO, the Nondiverse Defendants, and Jones removed the above-captioned matter to this Court. *See* ECF No. 1 ("Notice of Removal"). Coles filed a Motion to Remand on October 10, 2014. ECF No. 4. Together, GEICO, the Nondiverse Defendants, and Jones filed an Opposition to Coles' Motion to Remand on October 17, 2014. ECF No. 9. Coles filed his Reply on October 22, 2014. ECF No. 14.

Coles is a citizen of Virginia. He maintains that the Nondiverse Defendants are each citizens of Virginia, who work or worked for GEICO. Jones reportedly is a citizen of the State of Texas. Defendants Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company are Maryland corporations, with their principal places of business in Chevy Chase, Maryland. Defendants GEICO Advantage Insurance Company and GEICO Choice Insurance Company are Nebraska corporations, with their principal places of business in Chevy Chase, Maryland.

## II. STANDARD OF REVIEW

### a. Motion to Remand

"Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331, and where the amount in controversy exceeds $75,000 and the matter is between citizens of

different states pursuant to 28 U.S.C. § 1332. Federal diversity jurisdiction only exists under § 1332 where there is complete diversity, that is, "when no party shares common citizenship with any party on the other side." *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citations omitted). A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78–79 (1938). The "removal statute," 28 U.S.C. § 1441, provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the matter, but if a case is removable based solely on diversity jurisdiction, the case may not be removed if any of the defendants is a citizen of the state where the action was brought. 28 U.S.C. §§ 1441(a), (b).

The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey*, 29 F.3d at 151; *see Jackson v. Nationwide Ins. Co. of Am.*, No. CIV.A. 4:14-945-BHH, 2014 WL 4349738, at *1 (D.S.C. Sept. 2, 2014) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)) (confirming that the party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed). Because removal of a case from state court implicates "significant federalism concerns," removal jurisdiction must be strictly construed, and "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d. at 151. If at any time before final judgment it appears the district court lacks jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c).

When a defendant has been fraudulently joined, however, complete diversity is not required to create federal jurisdiction premised upon § 1332. Under the fraudulent joinder doctrine, a federal court may assume jurisdiction over a case where there is not complete diversity and dismiss the in-state defendants if it finds that the nondiverse defendants were fraudulently joined in order to destroy the court's federal diversity jurisdiction. *Mayes*, 198 F.3d

4

at 461. Therefore, the doctrine of fraudulent joinder allows "a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* "To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (internal quotation marks omitted). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. . . . This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (internal citations omitted).

"In order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal citations omitted). The Court may consider affidavits and deposition transcripts submitted by the parties, and "[i]n this respect, the 'proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P., Rule 56(b).'" *Beaudoin v. Sites*, 886 F. Supp. 1300, 1302 (E.D. Va. 1995) (internal citations omitted).

"Nominal" parties that have been joined to the action must be disregarded and the court only rests upon the citizenship of the real parties to the controversy. *See e.g.*, *Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). As the Fourth Circuit defines, "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the . . . nominal defendant in any reasonably forseeable way." *Hartford Fire Ins. Co. v. Harleysville*

*Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Indeed, "the word nominal should be taken to mean what a good dictionary says it should mean: 'trifling' or '[e]xisting in name only.'" *Id.* at 260 (citing Black's Law Dictionary 1148(9th ed.2009)). Additionally, when determining what constitutes a "nominal party" for removal purposes, courts have reviewed whether there is any "legal possibility for predicting" that the party could be found liable. *See Creed v. Virginia*, 596 F. Supp. 2d 930 (E.D. Va. 2009) (citing *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005)). Courts have also considered "whether a court would be able to enter a final judgment favoring the plaintiff in the absence of the purportedly nominal defendant without materially affecting the relief due to the plaintiff." *Creed*, 596 F. Supp. 2d at 935; *accord Blue Mako, Inc, v. Minidis*, 472 F. Supp. 2d 690, 696 (M.D.N.C. 2006). Finally, this Court has stated that "parties . . . [are] 'nominal' where, for example, the causes of action asserted against them . . . [are] clearly unavailable as a matter of law. *Creed*, 596 F. Supp. 2d at 936.

### b. Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). A court ruling on a Rule 12(b)(6) motion must take as true all of the plaintiff's well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)). The pleadings need not make "detailed factual allegations," *id.*, but they must allege sufficient facts, accepted as true, to "state a claim for relief that is plausible on its face," *id.* at 570. The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *id.* at 678, and "while a plaintiff is not

6

required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)).

## III. DISCUSSION

### a. ANALYSIS—Motion to Remand

Regarding diversity jurisdiction, neither party disputes that the amount in controversy exceeds $75,000.00. Therefore, the relevant question before the Court is whether this dispute is between citizens of different states.

Coles is a citizen of Virginia. He maintains that the Nondiverse Defendants are each citizens of Virginia, who work or worked for GEICO. Jones reportedly is a citizen of the State of Texas. Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company are Maryland corporations with their principal places of business in Chevy Chase, Maryland. GEICO Advantage Insurance Company and GEICO Choice Insurance Company are Nebraska corporations with their principal places of business in Chevy Chase, Maryland. As such, Coles insists that this case should be remanded to state court because complete diversity does not exist among the parties. Mot. to Remand at 2. GEICO, the Nondiverse Defendants, and Jones, collectively, maintain that there will be complete diversity once the Nondiverse Defendants are rightfully dismissed from the case. Defs.' Mem. Opp'n Mot. Remand at 11.

Here, the Nondiverse Defendants do not allege outright fraud in Coles' pleadings. Therefore, to defeat Coles' Motion, the Nondiverse Defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in Coles' favor, Coles fails to allege any possible claim against them. The Nondiverse Defendants have met this burden. Because Coles' grounds for relief are based upon Virginia law, the Court looks to the law of the Commonwealth to determine whether the Nondiverse Defendants were fraudulently joined.

7

Coles asserts causes of action against the Nondiverse Defendants for breach of the implied covenant of good faith and fair dealing and Unfair Claim Settlement Practices under Virginia Code § 38.2-510.

Although the fraudulent joinder standard is rigorous, there are a few cases, such as this one, where the standard is met.

> A. *There Has Not Been a Valid Assignment From Evans to Coles for Claims Against the Nondiverse Defendants*

The entire basis of the causes of action contained in Coles' Complaint is predicated on the Assignment, in which Evans assigned and transferred his rights, claims, and causes of action against GEICO to Coles. *See* Compl. ¶ 33. As a threshold matter, Coles fails to allege any argument or authority regarding his ability to maintain his causes of action against the Nondiverse Defendants based on the plain language of the Assignment. *See* Compl. Ex. L. Coles' Complaint merely asserts, "On October 7, 2013 Euleric Evans assigned and transferred his rights, claims, and causes of action against GEICO for breach of contract and bad faith failure to settle under an insurance contract, and any and all other claims he has against GEICO to the Plaintiff in the instant action, Craig L[sic] Coles. A copy of said assignment of claims is annexed hereto as Exhibit L." Compl. ¶ 33. In turn, the Assignment— Exhibit L—defines "GEICO" as "GEICO General Insurance Company." Compl. Ex. L. The Nondiverse Defendants argue, therefore, that the absence of any mention of them in the Assignment yields the conclusion that Evans did not assign or transfer to Coles the rights, claims, or causes of action he may have had against the Nondiverse Defendants. This Court finds their argument persuasive. In general, the "Fourth Circuit has held that in a first-party or third-party Virginia insurance relationship, liability for bad faith conduct is a matter of contract rather than tort law." *TIG Ins. Co. v. Alfa Laval, Inc.*, No. CIV.A. 3:07CV683, 2008 WL 639894, at *2 (E.D. Va. Mar. 5, 2008) (citing *A & E Supply*, 798 F.2d at 672; *Bettius & Sanderson, P.C. v. Nat'l Union Fire Ins. Co.*, 839 F.2d 2009, 1016 (4th Cir. 1988)). An interpretation of a contract presents a question of law for the

8

Court. *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, No. 3:12CV748-HEH, 2014 WL 1281235, at *2 (E.D. Va. Mar. 27, 2014) (citing *Nehi Bottling Co. v. All–American Bottling Corp.,* 8 F.3d 157, 161–62 (4th Cir. 1993)). To interpret the terms of the contract, the Court will rely on the principles of Virginia law. The Commonwealth follows the "plain meaning" rule, whereby the court is not at liberty to search for the contract's meaning beyond the instrument when the writing is a final agreement of the parties. *Berry v. Klinger*, 225 Va. 201, 208, 300 S.E.2d 792 (1983) (citation omitted); *Amchem Prods. v. Newport News*, 264 Va. 89, 98 (2002) (citation omitted) ("[W]hen the terms of a contract are clear and unambiguous, a court must give them their plain meaning."). "The guiding light in the construction of a contract is the intention of the parties as expressed by them in the words they have used, and courts are bound to say that parties intended what the written instrument plainly declares." *Id.* (citation omitted); *see Richfood, Inc. v. Jennings*, 255 Va. 588, 591 (1998) (finding that the express intention of the parties determines the scope of the agreement); *First Security Federal Savings Bank, Inc. v. McQuilken*, 253 Va. 110, 113 (1997) ("The scope of a release agreement, like the terms of any contract, is generally governed by the expressed intention of the parties."); *accord Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 211 (4th Cir. 2009). It follows then that where the language is clear, extrinsic evidence of the contracting parties' intentions will not be permitted. *Berry*, 225 Va. at 208. Thus, the parties' intent should be discerned solely from the four corners of the agreement. *Grant v. Carotek, Inc.*, 737 F.2d 410, 412 (4th Cir. 1984). In any event, when the contract provisions are "too plain to be misunderstood[,] there is nothing to construe." *Kennard v. Travelers' Protective Ass'n*, 157 Va. 153, 158 (1931).

  The Nondiverse Defendants' argument that the express, unambiguous terms of the Agreement support the conclusion that Coles does not have the right to assert any cause of action against any other defendant other than "GEICO General Insurance Company" aligns with well-established principles of contract interpretation. This Court has stated that "[w]hen the

9

language of a written instrument like an assignment is clear on its face, parol evidence is not considered, and the document is read within the four corners." *See Newcom Holdings Pty., Ltd. v. Imbros Corp.*, 369 F. Supp. 2d 700, 709 (E.D. Va. 2005) (citing 35 U.S.C. § 261; *Utsch v. Utsch*, 266 Va. 124, 129 (2003) (quoting *Pyramid Dev., L.L.C. v. D & J Assocs.*, 262 Va. 750, 754 (2001)) (stating this proposition in regard to a deed of a marital residence)).  Applying those principles to the instant case, the Court will determine what is apparent on the face of the Assignment.  In a myriad of places, the Assignment explicitly refers only to "GEICO," which the Assignment clearly defines as "GEICO General Insurance Company," who issued the "GEICO Policy." *See* Compl. Ex. L.  It makes no mention of the Nondiverse Defendants whatsoever—not in their derivative or direct capacity.  As only a few examples demonstrating this finding, the Assignment states the following: "in consideration of the mutual promises contained herein, . . . the parties agree" that:

> (1) Evans agrees to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate for the *prosecution of the "Assigned Claims" against GEICO.*  Any failure to cooperate will be considered a breach of this Agreement;
> (2) *Upon resolution of the "Assigned Claims",* Coles further agrees to pay to Evans 5% of the gross amount of any sums *recovered from GEICO* above the amount of the total judgment and accrued interest; and
> (3) "Evans further acknowledges that Coles will retain counsel *to prosecute the claims against GEICO* and that no attorney client relationship will exist between Evans and counsel retained by Coles;"

Compl. Ex. L (emphasis added).  The very plain language of the written instrument is clear and, thus, the Court "will not disrupt agreements whose terms are clearly and explicitly presented in a contract." *Newcom Holdings*, 369 F. Supp. at 709 (citing *Amos v. Coffey*, 228 Va. 88, 9(1984)).  Moreover, as the drafter of the Assignment, Coles is not prejudiced by being held to the explicit terms of the Assignment.  *See id.* at 11.  The Assignment unambiguously states that Coles received from Evans full rights, claims, and causes of action against GEICO General Insurance Company.  Because the Assignment leaves no ambiguity requiring clarification, Court finds there has not been an assignment concerning the Nondiverse Defendants, whether in their

derivative or individual capacity. Accordingly, in turn, the Court finds that they have been fraudulently joined.

> B. *Coles Has "No Possibility" of Recovering Against the Nondiverse Defendants in State Court Because He Fails To Establish a Cause Of Action Against Them For Breach of the Implied Covenant of Good Faith and Fair Dealing*

Coles alleges a breach of the implied covenant of good faith and fair dealing against the Nondiverse Defendants. However, Coles did not include the Nondiverse Defendants in the breach of contract count in the Complaint. Thus, the Nondiverse Defendants contend, Count II Coles' Complaint fails to adequately allege the existence of a contract or agreement between them and Coles. As a threshold matter, Coles' claim against the Nondiverse Defendants does not comport with Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint allege facts showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

In support of his claim that the Nondiverse Defendants breached the implied covenant of good faith and fair dealing, Coles argues that the Nondiverse Defendants: (i) failed to get a medical opinion from a retained expert prior to negotiating; (ii) ignored the medical opinion furnished by GEICO's own retained expert stating that Coles had sustained a traumatic brain injury; and (iii) ignored the advice of GEICO's staff counsel that Coles sustained a traumatic brain injury based upon GEICO's retained medical expert's opinion. Reply Brief In Support of Plaintiff's Motion to Remand ("Coles' Reply") at 6; *see* Compl. ¶¶ 59-70.

However, before addressing whether Coles has a glimmer of hope of recovering against the Nondiverse Defendants related to the breach of the implied covenant of good faith and fair dealing, the Court must initially consider whether his Complaint contains any allegations against the Nondiverse Defendants supporting the existence of a contract between Coles and the Nondiverse Defendants in their individual capacities. This Court finds that it does not. There can be no doubt that the Complaint is devoid of any allegation of a contract between Coles and the Nondiverse Defendants.

As he fails to allege a contractual relationship between himself and the Nondiverse Defendants, Coles necessarily fails to state a cause of action against them for breach of the implied covenant of good faith and fair dealing in his Complaint.  In Virginia, the elements of a claim for breach of the implied covenant of good faith and fair dealing are: (1) a contractual relationship between the parties and (2) a breach of the implied covenant.  *Stoney Glen, LLC v. Southern Bank & Trust Co.*, 944 F. Supp. 2d 460, 466 (E.D. Va. 2013) (internal citations omitted); *see also A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir. 1986) (citing *Restatement (Second) of Contracts* § 205 (1981)) (noting that only contracting parties in the performance of an existing agreement owe a duty of good faith); *see also Shrewsbery v. Nat'l Grange Mut. Ins. Co.*, 183 W. Va. 322, 325 (1990) (finding that an insurance agent is "not party to a contract with the insured; rather, he helps the company procure and service the company's contract with the insured.").  In the absence of any allegations regarding the existence of a contract to which the Nondiverse Defendants were a party, there is no legally enforceable obligation on the Nondiverse Defendants to support a breach thereof.  Additionally, to the extent that Coles argues that the Nondiverse Defendants could be held liable under a general agency theory, he is incorrect.  An agent of a disclosed principal is not liable in contract or tort "where the agent's acts are those of the insurance company."  3 Am.Jur.2d Insurance § 161; *see Berry v. Clark*, 42 Va. Cir. 1 (1997) (citing 1A M.J., Agency, §71 (1993)) ("An agent is not in any case liable in an action ex contractu unless the credit has been given to him or he has expressly agreed to be liable . . . A duly authorized agent acting in behalf of his principal is not personally responsible on the contract when the third party knows that he acts in the name and on behalf of the principal . . . Where the agent contracts for a disclosed principle, credit is extended to the principal, and the benefits of the contract ate accepted by the principal, there is no personal liability on the agent.").  As an agent of GEICO, the Nondiverse Defendants cannot be held liable for any alleged contract between Evans and GEICO because GEICO is a disclosed principal.  *See Calkins v. Pacel Corp.*, No. 3:07-

CV-00025, 2007 WL 2301626, at *2 (W.D. Va. Aug. 7, 2007) (citing *House v. Kirby*, 355 S.E.2d 303, 305 (Va. 1987)). As a result, the Nondiverse Defendants were fraudulently joined. As an agent of GEICO, the Nondiverse Defendants cannot be held liable for any alleged contract between Evans and GEICO because GEICO is a disclosed principal. *See Calkins v. Pacel Corp.*, No. 3:07-CV-00025, 2007 WL 2301626, at *2 (W.D. Va. Aug. 7, 2007) (citing *House v. Kirby*, 355 S.E.2d 303, 305 (Va. 1987)). In sum, there is no support for Coles' argument that the Nondiverse Defendants, professional adjusters, can be held personally liable because they owed a duty to the insured—or to Coles—to exercise good faith in adjusting claims and breached that duty in adjusting claims during settlement negotiation. Thus, in the absence of a duty arising from a contractual relationship, there is simply nothing to support a breach of the implied covenant of good faith and fair dealing on the part of the Nondiverse Defendants towards Coles.

C. *"Unfair Claim Settlement Practices" Under Va. Code Ann. §38.2-510*

Coles argues that he sufficiently alleges a cause of action for unfair claim settlement practices against the Nondiverse Defendants under Va. Code Ann. §§38.2-510(A)(4) and (6), which is part of the Unfair Trade Practices Act. Mot. to Remand at 12. Coles' argument is unavailing because the established law in Virginia is that Va. Code Ann. § 38.2-510 does not create a private cause action. *See A & E Supply*, 798 F.2d at 674 (finding that it is clear that the Unfair Trade Practices Act does not create a private right of action in tort); *Salomon v. Transamerica Occidental Life Ins. Co.*, 801 F.2d at 661. Moreover, in his argument for remand, Coles highlights the latter half Va. Code Ann. § 38.2-510(B) to suggest that he may maintain a cause of action pursuant thereto. However, such a reading would negate the language in the former half expressly providing no private cause of action exists. This Court has not been able to locate one case validating Coles' reading of the statute so as to create a private right of action nor does Coles cite any authority concerning this point. Therefore, there is no possibility that Coles would be able to establish a cause of action against the Nondiverse Defendants.

### b. ANALYSIS—Motions to Dismiss

To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993)) (internal quotation marks omitted). "Nominal" parties that have been joined to the action must be disregarded and the court only rests upon the citizenship of the real parties to the controversy. *See e.g., Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

As to the Nondiverse Defendants, Coles argued in his moving papers and at the hearing that the "glimmer of hope" standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Thus, because the Court does not even find a "slight possibility of a right to relief" or a "glimmer of hope" for Coles, then he necessarily has not stated a claim for relief under Rule 12(b)(6).

As to the GEICO entities, the aforementioned analysis regarding the Nondiverse Defendants applies with equal force as to all of the GEICO entities except for GEICO General Insurance Company. Coles asserts that Evans assigned and transferred his rights, claims, and causes of action against GEICO to Coles pursuant to the Assignment. However, Coles' allegations, as asserted in the Complaint, only involve one GEICO entity—GEICO General Insurance Company—and his claims arise out of one automobile insurance policy issued by GEICO General Insurance Company. Furthermore, the Assignment only involves GEICO General Insurance Company. Therefore, Plaintiff has asserted no claim, right of recovery, as to the other GEICO entities.

As indicated above, a distinction emerges, however, with regards to GEICO General Insurance Company. That company is a different breed from the rest for a few reasons. To recall, in Count I, Coles alleges a breach of contract claim against GEICO. In Count II, Coles

alleges a claim a breach of the implied covenant of good faith and fair dealing against GEICO.  In Count III, Coles alleges a claim for unfair claim settlement practices against GEICO under Va. Code Ann. § 38.2-510.  In Count IV, Coles alleges a claim of bad faith failure to pay a motor vehicle insurance claim of more than $3,500.00 under Va. Code Ann. § 8.01-66.1(D)(1) against GEICO.

Regarding the first claim, under Virginia law, a defendant is liable for breach of contract when the plaintiff can plead and prove: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright,* 277 Va. 148, 154 (2009) (citing *Filak v. George,* 267 Va. 612, 619 (2004)).  Coles' first cause of action in the Complaint for breach of contract states a cause of action under Virginia law upon which judgment may be granted against GEICO General Insurance Company.  The Complaint clearly alleges that this company issued and entered into a valid contract for automobile insurance with Evans.  Additionally, the Complaint sufficiently alleges, which the plain language of the Assignment supports, that Evans assigned his rights, claims, and causes of action against GEICO General Insurance Company to Coles.

Regarding the second claim, in Virginia, the elements of a claim for breach of the implied covenant of good faith and fair dealing are: (1) a contractual relationship between the parties and (2) a breach of the implied covenant.  *Stoney Glen, LLC v. Southern Bank & Trust Co.*, 944 F. Supp. 2d 460, 466 (E.D. Va. 2013) (internal citations omitted); *see also A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir. 1986) (citing *Restatement (Second) of Contracts* § 205 (1981)).  The first prong has been met, as the Court explained above regarding the Assignment of the rights and claims under the contract for insurance from Evans to Coles.  Accordingly, regarding the second prong, in this case, Coles sufficiently alleges facts which could support an implied duty of good of good faith and fair dealing and a breach thereof by GEICO General Insurance Company.

However, regarding the third claim for unfair claim settlement practices under Va. Code § 38.2-510, the aforementioned analysis regarding the Nondiverse Defendants applies with equal force as to GEICO General Insurance Company. Thus, as to this claim, Coles fails to state a cause of action as to GEICO General Liability upon which judgment may be granted.

Similarly, as to the fourth cause of action for bad faith failure to pay a motor vehicle insurance claim of more than $3,500.00 under Va. Code § 8.01-66.1(D)(1), Coles fails to state a claim under Virginia law upon which judgment may be granted against GEICO General Insurance Company.[2] Virginia Code Section 8.01-66.1(D)(1) provides:

> Whenever a court of proper jurisdiction finds that an insurance company licensed in this Commonwealth to write insurance as defined in § 38.2-124 denies, refuses or fails to pay to its insured a claim of more than $ 3,500 in excess of the deductible, if any, under the provisions of a policy of motor vehicle insurance issued by such company to the insured and it is subsequently found by the judge of a court of proper jurisdiction that such denial, refusal or failure to pay was not made in good faith, the company shall be liable to the insured in the amount otherwise due and payable under the provisions of the insured's policy of motor vehicle insurance, plus interest on the amount due at double the rate provided in § 6.2-301 from the date that the claim was submitted to the insurer or its authorized agent, together with reasonable attorney's fees and expenses.

The express language of Va. Code Ann. § 8.01-66.1(D)(1) concerns a denial or refusal to "pay to its insured" a claim of more than $3,500.00. Section 8.01-66.1(D)(1) does not include a failure or refusal to pay to a third party claimant a claim of more than $3,500.00. In the case at bar, Coles does not allege a first party claim has been presented by the GEICO insured, Evans. The refusal or failure of GEICO to pay, as alleged in Plaintiff's Complaint, was not to GEICO's insured, Evans, but rather to Coles. *See e.g.*, Compl. ¶¶ 47, 49 ("GEICO breached the policy agreement by failing to settle Plaintiff Craig L. Coles claim within the applicable policy limits . . . Defendant GEICO failed to take advantage of numerous opportunities to settle Plaintiff Craig

---

[2] If a bad faith claim is proven, Va. Code § 38.2-209(A) authorizes a court to award attorney's fees and costs. A demand under §38.2-209 is not an independent substantive cause of action. *Salomon v. Transam. Occidental Life Ins. Co.*, 801 F.2d 659, 661 (4th Cir. 1986) (finding that a previous version of § 38.2-209 did not "create a cause of action, but merely permit[ted] the award of attorney fees where a private cause of action already exists"). Therefore, a § 38.2—209 claim is not pled separately; instead, it is treated as "a request in conjunction with the claim from which it arises." *Styles v. Liberty Mutual,* No. 7:06CV00311, 2006 WL 189-1-4, at #2 (W.D. Va. July 7, 2006).

16

Coles claim within policy limits . . ."(emphasis added)). Moreover, Coles' claim was not denied and the judgment up to the amount of the insurance has been paid. Therefore, Coles fails to state a cause of action upon which relief may be granted pursuant to Rule 12(b)(6).

**IV.   CONCLUSION**

Because each of the Nondiverse Defendants was fraudulently joined and diversity jurisdiction is present in this matter, Coles' Motion to Remand is hereby DENIED. ECF No. 4. Accordingly, the Nondiverse Defendants' Motion to Dismiss will be GRANTED. ECF No. 8. Further, the Court will GRANT IN PART and DENY IN PART the Motion to Dismiss filed by GEICO—specifically, the Court will GRANT the Motion to Dismiss with respect to Government Employees Insurance Company; GEICO Indemnity Company; GEICO Casualty Company; GEICO Advantage Insurance Company; and GEICO Choice Insurance Company but, with respect to GEICO General Insurance Company, the Court will DENY the Motion as to Counts I and II of the Complaint and GRANT the Motion as to Counts III and IV. ECF No. 8.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue.

>                   /s/
> James R. Spencer
> Senior U. S. District Judge

ENTERED this ___9th___ day of January 2015